UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
WAYNE BRISBANE,

              Plaintiff,

  -against-

THE CITY OF NEW YORK, P.O. BRYAN REYES [TAX REG. # 970130], LIEUTENANT ELVIN PICHARDO [TAX REG. # 937288], P.O. TORI FABER [TAX REG. # 968398], and JOHN DOE AND JANE DOE #1-4 (the names John and Jane Doe being fictitious as their true names are presently unknown),

              Defendants.
-----------------------------------------------------------X

Case No. 23 CV 10676

**COMPLAINT**

JURY DEMAND

Plaintiff, WAYNE BRISBANE, by his attorney, The Law Office of PHILIPAKAKWAM, P.C., complaining of the defendants herein, The City of New York, P.O. Bryan Reyes [Tax Reg. #970130], Lieutenant Elvin Pichardo [Tax Reg. #937288], P.O. Tori Faber [Tax Reg. #968398], and John Doe and Jane Doe #1-4 (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.     This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2.     The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiff is, and was at all times material herein, a resident of the County of Bronx, and the State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant P.O. Bryan Reyes [Tax Reg. #970130], was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

8. Defendant Lieutenant Elvin A. Pichardo [Tax Reg. #937288] was at all times material herein a sergeant and/or lieutenant employed by the NYPD. He is named here in his official and individual capacities.

9. Defendant P.O. Tori Faber [Tax Reg. #968398], was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10. Defendants John Doe and Jane Doe #1-4 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

11. Defendants Reyes, Pichardo, Faber, and John Doe and Jane Doe #1-4 are collectively referred to herein as "defendant officers".

12. At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13. On October 28, 2022, at approximately 2:30 p.m., defendant officers, acting in concert, arrested plaintiff without cause at or within the vicinity of E 188th

|    |    |
|----|----|
|    | Street and Valentine Avenue, Bronx, New York, and charged plaintiff with various crimes including N.Y. PL 165.30(1) 'Fraudulent accosting', N.Y. PL 225.05 'Promoting gambling in the second degree', and N.Y. PL 225.30(1) 'Possession of a gambling device'. |
| 14. | Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made. |
| 15. | Prior to the arrest, plaintiff was in the area shopping and was walking on the public street. |
| 16. | As plaintiff was walking on the public street, he was bum-rushed by defendant officers. |
| 17. | Defendant officers tightly handcuffed the plaintiff with his hands placed behind his back causing the plaintiff to experience pain and numbness. |
| 18. | Defendant officers subjected the plaintiff to an illegal search. |
| 19. | Defendant officers did not recover any contraband from their unlawful search of the plaintiff. |
| 20. | Plaintiff inquired on multiple occasions as to the reason for his arrest. |
| 21. | Defendant officers did not respond to the plaintiff's inquiries. |
| 22. | Eventually, defendant officers forcibly placed the plaintiff inside their police vehicle and transported the plaintiff to NYPD-46th Precinct. |
| 23. | While at the precinct, defendant officers subjected the plaintiff to an illegal and unlawful search. |
| 24. | Defendant officers seized several of plaintiff's properties including, but not limited to, approximately $1,039.00 cash. |
| 25. | Defendant officers did not issue or provide the plaintiff with any voucher specifying the properties seized from him, with the constitutionally-required notice printed on the voucher describing how the plaintiff could reclaim the aforementioned properties. |
| 26. | Defendant officers did not otherwise notify the plaintiff of any procedure he could follow to reclaim or recover his properties and have refused to return many of the aforesaid properties -- including, but not limited to, the $1,039.00 cash -- to the plaintiff. |

27. Defendant officers did not recover any contraband from their unlawful search of the plaintiff at the precinct.

28. Nonetheless, defendant officers continued to detain the plaintiff at the precinct.

29. After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was issued a Desk Appearance Ticket (DAT).

30. At some point following his arrest, defendant officers met with prosecutors employed by the Bronx County District Attorney's Office.

31. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff committed the charged crime/offense(s), and later forwarded to the prosecutors their falsified police records and reports.

32. Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

33. On or about November 17, 2022, the plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with N.Y. PL 165.30(1) 'Fraudulent accosting', N.Y. PL 225.30(1) 'Possession of a gambling device', and N.Y. PL 225.05 'Promoting gambling in the second degree'.

34. Upon arraignment on or about November 17, 2022, the false charges levied against the plaintiff were dismissed and sealed.

35. Each and every officer who responded to and/or was present at the location of the arrest and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

36. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

37. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation,

shock, discomfort, loss of liberty, wages and financial losses, pain and, damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

38. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

39. Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

40. The conduct of defendant officers, as described herein, amounted to false arrest.

41. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

42. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

43. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

44. Defendant officers forwarded to the prosecutors their falsified records and statements.

45. Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

46. Plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with crimes.

47. Plaintiff was required to, and did, appear in court to defend himself from the false charges levied against him with malice by defendants.

48. Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

49. Eventually, the criminal proceedings terminated in plaintiff's favor.

50. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

51. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

52. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

53. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

54. Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

55. In addition to other things, defendant officers falsely stated to the prosecutors that the plaintiff was observed to be street gambling and manipulating 3 cards on top of a cardboard box with the intent to defraud another, and was observed exchanging U.S. currency with other participants.

56. The plaintiff was deprived of his liberty as a result.

57. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

58. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

59. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

60. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

61. Defendant officers unlawfully stopped and subjected the plaintiff to an illegal search of his person and property.

62. The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

63. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

64. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

65. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

66. The conduct of defendant officers, as described herein, amounted to excessive use of force.

67. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

68. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: DENIAL OF RIGHT TO EQUAL PROTECTION - against defendant officers

69. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

70. Defendant officers routinely engage in racial profiling, and refused to conduct any investigations concerning the plaintiff's complaints simply because he is a member of a racial/ethnic minority group.

71. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

72. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### SEVENTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

73. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

74. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

75. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

76. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

77. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### EIGHTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

78. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

79. Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the constitutional prohibition against racial profiling, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

80. Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

81. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

82. For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), this Court observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

83. In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

84. Notably, numerous civil rights complaints filed in this district and state courts have similarly alleged that many of the police officers involved in this case, including the defendant officers, routinely stop and frisk and

9

        manufacture evidence of criminality against individuals who are members of racial/ethnic minority groups such as the plaintiff in order to arrest and maliciously prosecute them. *See, e.g., Anthony Holley v. City of New York* (23 CV 1838), *Sequan Wilson v. City of New York* (Index No. 815834/2022E), *Leotaud Guerra v. City of New York* (Index No. 816562/2021E), *Lashonda Coates-Samuels v. City of New York* (Index No. 33894/2020E), *Robert Collins v. City of New York* (Index No. 32647/2019E), *Timothy Hampton v. City of New York* (18 CV 7755), *Jose DeLeon v. Elvin Pichardo* (15 CV 9804), *Anthony Caceres v. City of New York* (09 CV 8134).

85. Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD-46th Precinct alleging, among other things, that the police officers falsely arrested and maliciously prosecuted the plaintiffs without probable cause.

86. Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

87. As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff.

88. Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

89. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in

| | |
|---|---|
| | particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process. |
| 90. | By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983. |

<u>NINTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION ARTICLE 1,§§ 5, 6, 11 & 12 – against defendant</u>

| | |
|---|---|
| 91. | The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph. |
| 92. | By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution. |
| 93. | In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above. |
| 94. | The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his |

95. constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

96. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

**TENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) – against defendant officers**

96. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

97. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

98. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**ELEVENTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants**

99. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

100. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

101. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**TWELFTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants**

102. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

103. By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

104. The conduct of the defendants, as described herein, amounted to assault and battery.

105. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>THIRTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City</u>

106. The allegations contained in the foregoing paragraphs are incorporated and repeated in this paragraph.

107. Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

108. Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

109. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

110. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

111. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

112. Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a.    For compensatory damages against all defendants in an amount to be proven at trial;

    b.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.    For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d.    For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
       November 28, 2023

                                          /s/
                                    Philip Akakwam
                                    Law Office of Philip Akakwam, P.C.
                                    303 Livingston St., 2nd Floor
                                    Brooklyn, NY 11217
                                    (718) 858-2488
                              Email: pakakwam@gmail.com

Index No.: 23-cv-10676

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WAYNE BRISBANE

                    Plaintiff,

   -against-

THE CITY OF NEW YORK, P.O. BRYAN REYES [TAX REG. # 970130], LIEUTENANT ELVIN PICHARDO [TAX REG. # 937288], P.O. TORI FABER [TAX REG. # 968398], and JOHN DOE AND JANE DOE #1-4 (the names John and Jane Doe being fictitious as their true names are presently unknown),

                    Defendants.

---

### COMPLAINT

---

LAW OFFICE OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff(s)
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

TO:

---

Service of a copy of the within is hereby admitted.

Dated: _____